# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 2:17-CR-60-DBH-02 |
| | ) |
| ADBULKAREEM DAHAM, | ) |
| DEFENDANT | ) |

## ORDER ON DEFENDANT'S MOTION FOR RELIEF FROM PREJUDICIAL JOINDER

The defendant's Motion for Relief from Prejudicial Joinder or, in the alternative, Exclusion of Evidence During Trial (ECF No. 44) is **DENIED**.

Count One of the Indictment charges a conspiracy between the defendant and his brother Ali Daham to defraud the United States through trafficking in Supplemental Nutrition Assistance Program benefits and in coupons under the Special Supplemental Nutrition Program for Women, Infants and Children (WIC).[1] The activity allegedly occurred at a store owned and managed by Ali Daham where this defendant, Ali's younger brother, worked as a cashier. Indictment (ECF No. 1) ¶¶ 1-11.

Severance "is especially disfavored" in conspiracy cases. United States v. Celestin, 612 F.3d 14, 19 (1st Cir. 2010). But it is appropriate where there would otherwise be a Bruton violation. Bruton v. United States, 391 U.S. 123 (1968).

---

[1] Twenty-four other substantive counts and three forfeiture allegations involve only the co-defendant brother.

Bruton is violated when an out-of-court confession by a co-defendant is admitted and that co-defendant does not take the stand to be cross-examined, if the out-of-court statement is "inculpatory on its face" as to the defendant challenging it. Celestin, 612 F.3d at 19. Bruton does not require severance when the statements "are incriminating only when linked to other evidence in the case." Id.; United States v. Sotomayor-Vázquez, 249 F.3d 1, 11 (1st Cir. 2001) (explaining that Bruton applies where the statement "expressly implicates" the defendant challenging its admission and is "powerfully incriminating," but not where statements are "only incriminating because they have been 'linked with evidence introduced at trial.'").

In this case neither party has furnished the actual co-defendant statements, so I proceed only on their respective characterizations, which do not conflict.

According to the defendant Abdulkareem Daham, his brother Ali Ratib Daham

> allegedly made incriminating statements concerning the practice at the store of giving cash for Food Stamp benefits and for WIC benefits, as well as extending store credit to customers and allowing them to repay the credit balances using their food stamps EBT card. In essence, Ali Daham confessed to some of the crimes with which he [Ali] is charged.

Def. Mot. for Relief at 1.

According to the government, while Ali Daham did give self-incriminating statements, "[t]he agents did not ask, and Ali did not state, if [he] knew whether other employees in the store provided cash to customers for food stamps or WIC

checks. Moreover, Ali did not even mention Abdulkareem's name during the interview." Gov't Resp. in Opp'n (ECF No. 48) at 2.

On this record, I conclude that there is no Bruton issue because, as to this defendant, the statements are not "inculpatory on their face," Celestin, 612 F.3d at 19, do not "expressly implicate" him, and are not "powerfully incriminating." Sotomayor-Vázquez, 249 F.3d. at 11. If they are incriminating as to this defendant, it is only if they are "linked to other evidence in the case." Celestin, 612 F.3d at 19.

Accordingly, the defendant's Motion is **DENIED**. Counsel shall notify the court if the characterization of Ali Daham's out-of-court statements should change, and the government shall be especially careful at trial in its questioning of the agents who testify about the statements, so as to avoid Bruton error.

**SO ORDERED.**

**DATED THIS 23RD DAY OF AUGUST, 2017**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**